DECISION AND JUDGMENT ENTRY
{¶ 1} Garry L. Bohl appeals from the Washington County Court of Common Pleas' summary judgment in favor of Travelers Insurance Group. Bohl contends that the trial court erred when it determined that Mary Jane Bohl, deceased, was an independent contractor, thus precluding her estate from uninsured/underinsured motorist insurance coverage in accordance with Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292. We agree. The trial court erred in granting summary judgment because Travelers Insurance Group failed to meet its burden of proof under Civ.R. 56. Accordingly, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
 I. {¶ 2} On September 12, 1994, Mary Jane Bohl died in a traffic accident in Washington County. At the time of the accident, Mary Jane was delivering newspapers for the Marietta Times, which is owned by Gannett Satellite Information Network. The accident was caused by the negligence of Carey L. Townsend.
 {¶ 3} On September 30, 2002, Bohl, the administrator for Mary Jane's estate, filed a complaint in the Washington County Court of Common Pleas against Travelers Insurance Group. Travelers provided Gannett with a business auto policy and commercial general liability policy at the time of Mary Jane's death. Bohl claimed that because Mary Jane was an employee of the Marietta Times, a subsidiary of Gannett, the estate was entitled to uninsured/underinsured coverage from Travelers pursuant toScott-Pontzer.
 {¶ 4} On October 1, 2003, Travelers filed a motion for summary judgment. Travelers argued that no genuine issue of material fact existed because Mary Jane was an independent contractor of the Marietta Times and thus, her estate was precluded from UM/UIM coverage. Travelers also asserted in its motion that if the trial court found a genuine issue existed as to whether Mary Jane was an employee or an independent contractor, that it was still entitled to summary judgment on the bases that: (1) Virginia law controls the case and does not recognizeScott-Pontzer coverage; (2) Mary Jane was not an insured under the terms of the insurance policies; (3) Gannett executed a knowing rejection of UM/UIM coverage for Ohio; (4) Gannet's coverage is subject to a $1,000,000 deductible; (5) the policies only extend UM/UIM coverage to specific employees and Mary Jane was not such an employee; (6) the six-year statute of limitations ran prior to Gary filing the complaint; and (7) the commercial general liability policy was not subject to the mandatory offering requirements of R.C. 3937.18.
 {¶ 5} Bohl filed a memorandum contra on October 15, 2003. He argued that Travelers failed to meet its initial burden of proof as required by Civ.R. 56. Until Travelers met that burden, Bohl contended that he was not obligated to respond with evidence aimed at defeating the motion. Bohl asserted that Travelers only provided the trial court with a conclusory statement that Mary Jane was an independent contractor and failed to attach any documents or affidavits as proof of that assertion. In addition, Bohl cited interrogatories as proof that Mary Jane was employed by the Marietta Times for approximately thirteen years. Bohl also provided the trial court with case law indicating that a determination as to whether an individual is an employee or an independent contractor is a factual inquiry for the trier of fact to determine on a case-by-case basis. Finally, Bohl responded to each of Travelers seven alternative theories for summary judgment.
 {¶ 6} On October 24, 2003, Travelers filed a reply in support of its motion for summary judgment. In the reply, Travelers argued that the burden of proof at trial as to Mary Jane's employment rested on Bohl. Travelers asserted that Bohl failed to provide any evidence that Mary Jane was an employee of the Marietta Times as required by Civ.R. 56 and, thus, could not prove the allegations set out in the complaint.
 {¶ 7} Travelers also filed a notice of supplemental authority in support of its motion for summary judgment on November 10, 2003. In the notice, Travelers cited Westfield v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. In Galatis, the Ohio Supreme Court held thatScott-Pontzer coverage was limited to employees injured within the course and scope of employment. Id. at ¶ 32. Bohl replied to this notice on November 14, 2003, stating that Galatis did not apply to this case because it remained his contention that Mary Jane was an employee of the Marietta Times.
 {¶ 8} On November 10, 2003, the trial court issued a decision on the summary judgment motion. In that decision, the trial court found that Bohl bore the burden of proving that Mary Jane was an employee of Gannett at the time of her death. The trial court also stated that Mary Jane was officially classified as an independent contractor and that it found no evidence in support of Bohl's allegation that Mary Jane was an employee. Finding that it was Bohl's burden to prove that Mary Jane was an employee, that no evidence proved she was an employee, and that Galatis
limited Scott-Pontzer coverage to employees, the trial court declared Mary Jane an independent contractor and granted Travelers motion for summary judgment. In a judgment entry dated December 17, 2003, the trial court adopted its November 10, 2003 written decision.
 {¶ 9} Bohl appeals and asserts the following assignment of error: "Did the trial court correctly conclude that Plaintiff's decedent was an independent contractor at the time of her demise, the sole basis enumerated for granting Defendant's Motion for Summary [Judgment], when the evidentiary submission by Defendant on this issue, employment status of Plaintiff's decedent, was devoid of any factual support?"
 {¶ 10} Travelers argues that the trial court's decision was proper, but asserts the following cross-assignments of error for review if this court reverses the trial court's decision to grant summary judgment: "[I.] Whether the trial court properly granted summary judgment in favor of Travelers where Virginia law applies to this case, and where Virginia law does not recognize the plaintiff's claims for UM/UIM coverage. [II.] Whether the trial court properly granted summary judgment in favor of Travelers where the corporate insured executed a valid rejection of UM/UIM coverage for Ohio. [III.] Whether the trial court properly granted summary judgment in favor of Travelers where the decedent was not an insured through the business auto policy or the [commercial general liability] policy because the definitions of who is an insured under those insurance contracts do not contain the unqualified "you" interpreted in Scott-Pontzer, as limited in Westfield v. Galatis. [IV.] Whether the trial court properly granted summary judgment in favor of Travelers where the plaintiff's claims were barred by the six-year statute of limitation contained in R.C. 2305.07. [V.] Whether the trial court properly granted summary judgment in favor of Travelers where the inclusion of the `Drive Other Car' endorsement cured any possibly ambiguity in defining who is an insured under the business auto policy. [VI.] Whether the trial court properly granted summary judgment in favor of Travelers where any UM/UIM benefits through either the business auto policy or the [commercial general liability] policy would be subject to their respective $1,000,000 deductibles. [VII.] Whether the trial court properly granted summary judgment in favor of Travelers where the [commercial general liability] policy is not subject to the mandatory offering requirements of Ohio's former UM/UIM statute."
 II. {¶ 11} In his sole assignment of error, Bohl argues that the trial court improperly granted summary judgment. Bohl contends that Civ.R. 56 obligates the movant of a summary judgment motion to meet an initial burden of proof. If the movant fails to meet that burden, the summary judgment motion must fail. However, if the movant meets the initial burden of proof, the burden switches to the non-moving party to present evidence to counter the motion and prove that a genuine issue of material fact exists. Bohl asserts that Travelers failed to meet its initial burden of proof because it merely stated in its summary judgment motion that Mary Jane was an independent contractor, but failed to include any supporting evidence. Accordingly, Bohl argues the burden of proof never switched to him and that the trial court incorrectly granted the summary judgment motion.
 {¶ 12} Because summary judgment involves a question of law, our review is de novo. We afford no deference to the trial court's decision to grant or deny summary judgments. Morehead v. Conley (1991), 75 Ohio App.3d 409,411-412.
 {¶ 13} The principal purpose of summary judgment is to allow the trial court to move beyond the pleadings and analyze the evidence in order to determine if a need for a trial exists. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. In order for a trial court to properly grant a motion for summary judgment the movant must prove: "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Id. Furthermore, "[t]he burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." Id.
 {¶ 14} Civ.R. 56(C) permits the following evidence to accompany a summary judgment motion: "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *." The above listed items are the only evidence that may be considered by a trial court when ruling on a motion for summary judgment. Civ.R. 56(C).
 {¶ 15} A movant for summary judgment bears the burden of proving that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. AAAA v. River Place Community (1990),50 Ohio St.3d 157, 161. In general, the non-moving party bears no burden of proof. Brown v. Fairmont Homes, Inc. (June 28, 1989), Highland App. No. 700. However, "if the moving party presents evidence which refutes the non-moving party's claim upon a material issue of fact, there is then a burden to present rebuttal evidence." Id.
 {¶ 16} Despite bearing the initial burden of proof, the movant is not required to produce affidavits negating the claim(s) of the non-moving party. Dresher v. Burt (1996), 75 Ohio St.3d 280, 291-292. In fact, the moving party is not required to produce any affirmative evidence. Civ.R. 56(A)-(B). See, also, Dresher at 292. However, the movant still bears the initial burden of demonstrating the basis for its motion. Dresher at 292. To do that, the movant must identify the portions of the record that demonstrate an absence of a genuine issue of material fact. Id. The only manner in which the movant can meet such a burden is to present some evidentiary materials permitted by Civ.R. 56(C). Dresher at 292-293.
 {¶ 17} In Dresher, the Ohio Supreme Court held that "a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id at 293.
 {¶ 18} Here, Travelers' summary judgment motion included no evidentiary materials that proved Mary Jane acted as an independent contractor for the Marietta Times. In fact, Travelers' motion merely cited three conclusory assertions. In two of these assertions, Travelers cited no evidence that Mary Jane acted as an independent contractor. In the third assertion, Travelers only cited a production of document request as evidence that no genuine issue of material fact existed. In that request, Travelers demanded that Bohl produce "[a]ll documents which pertain, refer or relate to the employment agreement between the Plaintiff, the Decedent, and/or her spouse and the Marietta Times." Bohl failed to produce any such documents. However, Travelers did not file a motion to compel production with the court. Instead, it filed for summary judgment.
 {¶ 19} In Dresher, the Supreme Court found it is not proper for a movant to file for summary judgment on the basis that the nonmoving party failed to comply with a request for production of documents. Dresher at 295. Instead, the court stated that the movant should first file a motion to compel such production. Id. Without such a motion, the court presumed the nonmoving party possessed documents supporting its claim, but was reluctant to produce the documents unless under a court order. Id. When neither the movant nor the nonmovant place any evidentiary materials in the record to prove whether a genuine issue of material fact exists, the trial court may not grant summary judgment. Id. at 296. Here, Travelers entered no proof that Bohl could not prove his claim, other than Bohl's noncompliance with a request for production of documents. Such a request is not sufficient absent a court order mandating the production of the requested documents.
 {¶ 20} Travelers failed to meet its initial burden to demonstrate an absence of a genuine issue of material fact. Therefore, the reciprocal burden never shifted to Bohl and the court erroneously granted summary judgment in favor of Travelers. Accordingly, we affirm Bohl's sole assignment of error.
 III. {¶ 21} As we noted earlier, Travelers asserts seven cross-assignments of error. We decline to address any of them because the trial court failed to examine these alternative bases in making its ruling.
 {¶ 22} In Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, the Ohio Supreme Court held that an appellate court may not independently review the record for a summary judgment motion when the trial court failed in its mandatory duty to "thoroughly review all appropriate materials" before ruling on the motion. Id. at 360. The Court found that "[a] reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." Id.
 {¶ 23} Here, Travelers presented the trial court with its cross-assignments of error as additional bases on which to grant its motion for summary judgment. The trial court granted the motion only on the basis that Mary Jane was an independent contractor, and thus precluded from Scott-Pontzer coverage. If our court reviewed these seven cross-assignments of error, we would step outside our role as a reviewing court and into the territory of a trial court. Because this is an impermissible role for our court, we decline to address Travelers' crossassignments of error.
 IV. {¶ 24} In conclusion, we find that Travelers' failed to meet its initial burden under Civ.R. 56. Without meeting that burden, the trial court could not conclude that the record revealed an absence of a genuine issue of material fact. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
Judgment reversed and remanded for further proceedings.