[Cite as *Snyder v. Stevens*, 2012-Ohio-4120.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| TERESA SNYDER, ET AL., | : | Case No. 12CA3465 |
| | : | |
|    Plaintiff-Appellants, | : | |
| | : | DECISION AND |
|    v. | : | JUDGMENT ENTRY |
| | : | |
| DENNIS G. STEVENS, ET AL., | : | **RELEASED  08/30/12** |
| | : | |
|    Defendants-Appellees. | : | |

_____

APPEARANCES:

Jeremy M. Burnside, Law Office of Jeremy Burnside, Portsmouth, Ohio, for appellants.

M. Andrew Sway, Smith Rolfes & Skavdahl Co., LPA, Columbus, Ohio, for appellee
Stakers Service Drugs, Inc.

_____

Harsha, J.

{¶1}    This negligence case resulted from an automobile accident involving

Teresa Snyder and Dennis Stevens.  Teresa and Johnathon Snyder appeal the trial

court's decision granting summary judgment in favor of the defendant Stakers Service

Drugs (Stakers).  The Snyders contend that under Civ.R. 56(C) Stakers failed to meet

its initial burden to affirmatively show that there is no evidence to support their claim that

Dennis Stevens was an employee of Stakers at the time of the accident.  However,

because the Snyders did not raise this issue at the trial court level, they have waived it

on appeal.

{¶2}    The Snyders also argue that a genuine issue of material fact remains

about whether Stevens was acting as an employee or an independent contractor at the

time of the accident.  Because he used Stakers' equipment, had no investment of his

own in the business, was free to quit at any time, and would be considered an employee

under the stricter workers' compensation statute applying to a labor or construction contract, they assert that the trial court erred by finding that Stevens was an independent contractor. However, the undisputed evidence shows that Stevens retained the right to control the manner and means of performing his work and therefore, he was acting as an independent contractor at the time of the accident. Even construing the evidence in favor of the Snyders, reasonable minds can come to one conclusion and that is Stevens was not an employee. As a matter of law Stakers cannot be held liable for acts of an independent contractor. Therefore, summary judgment was appropriate in this case.

## I. FACTS

{¶3}    After an automobile accident between Teresa Snyder and Dennis Stevens, Ms. Snyder, individually and on behalf of her minor son, Jonathan, filed an amended complaint asserting negligence against Stakers, Dennis Stevens, and several other parties. The Snyders allege that at the time of the accident Stevens was working within his scope of employment for Stakers and therefore Stakers is liable under the doctrine of respondeat superior for Stevens' negligence. In its answer to the Snyders' amended complaint, Stakers denied that Stevens was its employee.

{¶4}    Subsequently, Stakers filed a motion for summary judgment asserting that because Stevens was an independent contractor, rather than its employee, it could not be held vicariously liable for his actions. In support of its motion, Stakers attached an "Independent Contractor Agreement" and "Model Business Associate Agreement." The Snyders filed a response opposing the motion and asserted that an issue of material

fact remained about whether Stevens was Stakers' employee or independent contractor.

{¶5}   The trial court agreed with Stakers and granted summary judgment in its favor.  In an amended entry, the court concluded that Stakers could not be found vicariously liable for the actions of its independent contractors, although it did not explicitly identify Stevens as one.  The court found that Stevens acknowledged "Stakers controlled no aspect of his work at the time of the motor accident * * * he alone was responsible for the hours he worked, the quality of his work, and the route he would travel at the time of the accident, and further stated they had no role at all deciding any of the aspects of his work, and that he controlled the responsibilities of his work as an independent contractor.  He also claims Stakers played no role in supervising his work." The court further found that Stevens and Stakers had entered into two contracts since 1996 for Stevens "to provide respiratory services for Defendant Stakers, and the respiratory therapists for Defendant Stakers are responsible for taking the reportorial rate, blood pressure, and pulse oxygen, which reads the oxygen of the blood.  The respiratory therapists are also responsible for monitoring the rental equipment of Defendant Stakers."  Based upon these findings the trial court dismissed Stakers as a party in the case.  This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶6}   The Snyders present three assignments of error for our review:

{¶7}   1. "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THE APPELLEE FAILED TO AFFIRMATIVELY PROVE, WITH RULE 56

EVIDENCE, THAT THERE IS NO EVIDENCE DEFENDANT DENNIS G. STEVENS WAS AN EMPLOYEE OF APPELLEE."

**{¶8}** 2. "THE TRIAL COURT ERRED IN ITS DECISION THAT DENNIS STEVENS WAS AN INDEPENDENT CONTRACTOR OF APPELLEES BECAUSE A SIGNIFICANT GENUINE ISSUE OF MATERIAL FACT EXISTS TO ESTABLISH THAT DEFENDANT STEVENS WAS AN EMPLOYEE OF APPELLEE BECAUSE DEFENDANT DENNIS G. STEVENS USED THE EQUIPMENT OF APPELLEE AND HAD NO INVESTMENT OF HIS OWN."

**{¶9}** 3. "THE TRIAL COURT ERRED IN ITS DECISION THAT DENNIS STEVENS WAS AN INDEPENDENT CONTRACTOR OF APPELLEES BECAUSE DEFENDANT STEVENS WOULD BE CONSIDERED AN EMPLOYEE EVEN UNDER THE STRICTER WORKERS COMPENSATION STATUTE APPLYING TO LABOR AND CONSTRUCTION CONTRACTS."

### III. LAW AND ANALYSIS

**{¶10}** The Snyders first argue that summary judgment was improper because Stakers failed to meet its initial burden of proof under Civ.R. 56(C). Specifically, the Snyders contend that Stakers failed to establish there is no evidence to support their claim that Stevens is an employee. They claim the only evidence relied on by Stakers are Stevens' "self-serving statements and admissions," and accordingly the trial court incorrectly granted summary judgment.

### A. Standard for Summary Judgment

**{¶11}** We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12.

Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Harter v. Chillicothe Long-Term Care, Inc.*, 4th Dist. No. 11CA3277, 2012-Ohio-2464, ¶ 12.

**{¶12}** Under Civ.R. 56(C), summary judgment is appropriate only if "'(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.'" *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15, quoting *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9.

**{¶13}** "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). To meet this burden, the moving party must be able to specifically point to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; Civ.R. 56(C). However, the moving party is not required to produce any affirmative evidence negating the opponent's claim. *Bohl v. Travelers Ins. Group*, 4th Dist. No. 03CA68, 2005-Ohio-963, ¶ 16. Rather, the movant

must only direct the court to those places in the record which demonstrate the absence of material fact. *Id.*

{¶14} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *." *Id.*

{¶15} Here, in their response to the motion for summary judgment the Snyders did not raise the argument that Stevens' affidavit was not proper summary judgment evidence. Instead, the only argument raised in their response is that a genuine issue of fact remained about whether Stevens was an employee of Stakers, and they urged the trial court to deny the motion on this basis alone. It is axiomatic that a litigant's failure to raise an issue at the trial court level waives the litigant's right to raise that issue on appeal. *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220, 574 N.E.2d 457 (1991), overruled on other grounds. Thus appellate courts generally will not consider any error a party failed to bring to the trial court's attention at a time when the trial court could have avoided or corrected the error. *Schade v. Carnegie Body Co.* 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). *See also Enviro-Flow Cos., Ltd. v. Chauncey*, 4th Dist. No. 07CA5, 2008-Ohio-698, ¶ 14 (declining to address argument not initially raised by appellant in response to motion for summary judgment). Because the Snyders failed to raise this argument in their response to the motion for summary judgment, they have waived the issue on appeal.

{¶16} Under the first assignment of error, the Snyders also argue that the evidence in the record establishes that Stevens was an employee of Stakers and that

the trial court ignored this evidence because it did not include certain facts in its entry. Because this argument is related to their second assignment of error we address it below.

## B. Employee v. Independent Contractor

**{¶17}** In their second assignment of error the Snyders assert that a genuine issue of material fact remains concerning whether Stevens was acting as Stakers' employee or an independent contractor at the time of the accident.

**{¶18}** To determine whether an individual is an independent contractor or an employee, courts look to see who exercises "'the right to control the manner or means of performing work.'" *Pusey v. Bator*, 94 Ohio St.3d 275, 278-279, 762 N.E.2d 968 (2002), quoting *Bobik v. Indus. Comm.*, 146 Ohio St. 187, 64 N.E.2d 829 (1946), paragraph one of the syllabus.   If the employer reserves such a right, the relationship created is that of employer and employee, but if the manner or means of performing the work is left to one who is responsible to the employer only for the result, an independent contractor relationship results.  *Pusey* at 279.

**{¶19}** "The determination of who has the right to control must be made by examining the individual facts of each case."  *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988).  These factors include, but are not limited to, "who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes traveled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts." *Id.*

**{¶20}** "Generally, where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court." *Id.* However, the issue becomes a question for the jury where the claimant offers some evidence that the individual was an employee rather than an independent contractor. *Id.* at 146-147. The trial court must submit an essential issue to the jury where there is sufficient evidence to allow reasonable minds to reach different conclusions. *Id.*

**{¶21}** The Snyders assert that Stakers controlled the mode or manner of Stevens' work for several reasons. They point out that Stevens did not advertise his services, he was "exclusive" with Stakers and free to quit at any time, Stakers monitored whether Stevens actually saw patients, and assessment forms signed by patients were returned to Stakers. Furthermore, Stakers reimbursed Stevens for mileage, provided him with equipment, i.e. pulse oximeter, oxygen analyzer and blood pressure cuff, and repaired the equipment if necessary. The Snyders also rely on *Vajada v. St. Paul Mercury Ins. Co.*, 8th Dist. No. 80917, 2003-Ohio-160, to support their claim that a genuine issue of material fact remains about whether Stevens was acting as an employee of Stakers at the time of the accident. But frankly, we find the dissent in that case to be more persuasive.

**{¶22}** Here, the parties do not dispute the underlying facts of the case. Rather, the only disagreement is about whether the facts establish that Stevens was acting as an employee or independent contractor of Stakers at the time of the accident. The record shows that Stevens has entered into two contracts with Stakers since 1996 to provide respiratory services. In the "Independent Contract Agreement" and the "Model

Business Agreement," both attached to the motion for summary judgment, Stevens is identified as an independent contractor. Stevens also claimed during discovery that he was an independent contractor and not an employee of Stakers. He stated that Stakers did not provide him with insurance, instead he maintained his own policy. Furthermore, Stakers did not have the right to control the manner or means of his work and did not instruct, direct or authorize his work. Rather, Stevens chose the routes he would travel, the specific times he worked, the materials and tools he used and the number of hours worked.

{¶23} Moreover, the depositions of Stevens and Stakers disclosed that Stevens considered himself an independent contractor and was paid a flat fee on a per client basis by Stakers. Stevens drove his own vehicle to perform all services and was reimbursed for mileage by Stakers. Stakers never provided any training or guidance to Stevens, and Mr. Staker only saw Stevens once per month when he turned in paperwork. Stevens scheduled his own appointments and did not answer to Stakers about his job performance.

{¶24} The record shows that Stevens controlled the details and quality of his work, the hours he worked, the route travelled to see patients, and selected the materials and tools used. Stakers also paid Stevens a flat fee per patient. Furthermore, their agreements show that they both considered Stevens an independent contractor. Likewise, each year Stakers issued Stevens a 1099 tax form instead of a W-2, which also suggests the existence of an independent contractor relationship. *See Vajada*, at ¶ 33 (O'Donnell, J., dissenting). Therefore, the evidence supports only the conclusion that Stakers did not control the manner or means of Stevens' work. We agree with the

trial court that even construing the evidence most favorably to the Snyders, no genuine issue of material fact exists and Stevens was acting as independent contractor at the time of the accident.  Therefore, Stakers cannot be held vicariously liable for his actions.  Summary judgment was appropriate.

**{¶25}**  The Snyders also briefly argue that the trial court "plainly ignored" their evidence suggesting that Stevens is an employee of Stakers because the court did not describe how these facts were "irrelevant" to its decision.  Contrary to the Snyders' assertions, we do not agree that the absence of any reference to their evidence in the court's entry means that it did not consider them.  Rather, the trial court's amended entry clearly states that the court has "reviewed the entire file."

**{¶26}**  Accordingly, no genuine issue of material fact remains in this case and Stakers was entitled to judgment as a matter of law.  Accordingly, we overrule the Snyders' second assignment of error.

### C.  Workers' Compensation Standard

**{¶27}**  Finally, the Snyders argue in their third assignment of error that the trial court erred by finding that Stevens was an independent contractor because under R.C. 4123.01(A)(1)(c) he would be considered an employee using a stricter workers' compensation standard applied to labor and construction contracts.   However, R.C. 4123.01(A)(1) begins by stating "[a]s used in this chapter: '[e]mployee' means * * *."  Because the Snyders did not bring a claim under R.C. 4123 and do not cite any case law incorporating this standard into a common law negligence claim, that standard is inapplicable to this case.  Thus, we overrule the Snyders' third assignment of error.

**{¶28}**  In conclusion we overrule all the Snyders' assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
      William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**