[Cite as *Lauer v. Layco Ents., Inc.*, 2013-Ohio-1916.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| DARREN LAUER, | : | Case No. 12CA40 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| LAYCO ENTERPRISES, INC., | : | |
| | : | **RELEASED 05/03/13** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Joseph H. Brockwell, Marietta, Ohio, for appellant.

Ethan Vessels, Fields, Dehmlow & Vessels, Marietta, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Layco Enterprises, Inc. (Layco) appeals the trial court's entry granting summary judgment in favor of Darren Lauer and contends that because Lauer came to court with unclean hands and waited over eight years to initiate this case, the trial court erred by granting him the equitable relief sought.   However, because Layco failed to raise either of these issues with the trial court, it has forfeited them on appeal. Accordingly, we affirm the trial court's judgment.

I. FACTS

{¶2}    This case surrounds an oil and gas lease on a 40 acre parcel of land owned by Darren Lauer.  Lauer is the successor in interest to the lease, which was originally executed in 1935.  Layco is the assignee of the lease and therefore has the right to explore for and produce oil and gas from the property.  Under the terms of the

lease, it is to remain effective for two years beginning August 8, 1935, and so long as oil and gas are found in paying quantities on the property.

{¶3}     Lauer initiated this action by filing a complaint seeking to terminate the lease for non-production.  He claimed that because the property has not produced any oil or gas in paying quantities in the recent years, the parties have forfeited the lease. Layco filed an answer denying the non-production of oil and gas on the property and also filed a counterclaim asserting that once Lauer bought the property he began interfering with its right to access the oil and gas.  Following discovery, Lauer moved for summary judgment, which Layco opposed.  The trial court granted summary judgment finding that no genuine issue of fact remained and Lauer was entitled to judgment as a matter of law because the uncontroverted evidence established that the well had not produced oil or gas in quantities sufficient for the lease to remain effective.  Layco now appeals the trial court's judgment.

## II. ASSIGNMENT OF ERROR

{¶4}     Layco raises one assignment of error for our review:

1. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT
TO THE APPELLEE LANDOWNER WHERE THERE EXISTED GENUINE
ISSUES OF MATERIAL FACT AND REASONABLE MINDS COULD
COME TO MORE THAN ONE CONCLUSION ON THE ISSUE OF
WHETHER THE OIL AND GAS LEASE REMAINED IN EFFECT.

## III. LAW AND ANALYSIS

### A. Standard for Summary Judgment

{¶5}     We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Accordingly, we afford no deference to the trial court's decision and independently

review the record to determine whether summary judgment is appropriate. *Snyder v.*
*Stevens*, 4th Dist. No. 12CA3465, 2012-Ohio-4120, ¶ 11.

{¶6}     Under Civ.R. 56(C), summary judgment is appropriate only if "'(1) no
genuine issue of any material fact remains, (2) the moving party is entitled to judgment
as a matter of law, and (3) it appears from the evidence that reasonable minds can
come to but one conclusion, and construing the evidence most strongly in favor of the
nonmoving party, that conclusion is adverse to the party against whom the motion for
summary judgment is made.'" *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-
6279, 941 N.E.2d 1187, ¶ 15, quoting *State ex rel. Duncan v. Mentor City Council*, 105
Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9.

{¶7}     "[A] party seeking summary judgment, on the ground that the nonmoving
party cannot prove its case, bears the initial burden of informing the trial court of the
basis for the motion, and identifying those portions of the record that demonstrate the
absence of a genuine issue of material fact on the essential element(s) of the
nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264
(1996).  To meet this burden, the moving party must be able to specifically point to the
pleadings, depositions, answers to interrogatories, written admissions, affidavits,
transcripts of evidence, and written stipulations of fact, if any, timely filed in the action,
which affirmatively demonstrate that the nonmoving party has no evidence to support
the nonmoving party's claims. *Id.*; Civ.R. 56(C). However, the moving party is not
required to produce any affirmative evidence negating the opponent's claim. *Snyder* at ¶
13.  Rather, the movant must only direct the court to those places in the record which
demonstrate the absence of material fact. *Id.*

**{¶8}** "'If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.  However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *.'" *Snyder*, 4th Dist. No. 12CA3465, 2012-Ohio-4120, at ¶ 14, quoting *Bohl v. Travelers Ins. Group*, 4th Dist. No. 03CA68, 2005-Ohio-963, ¶ 16.

**{¶9}** On appeal, Layco asserts that Lauer denied it access to the well producing oil and gas from 2004 through 2011.  Therefore, it contends that because he came to court with unclean hands and waited until 2012 to initiate this case, the trial court erred by granting him the equitable remedy sought, i.e. termination of the lease.

**{¶10}** However, Layco raised neither of these issues in its response to Lauer's motion for summary judgment.  Rather, the only argument it raised in its two page response was that a genuine issue of fact remained about whether Lauer caused any cessation in production, and it urged the trial court to deny the motion on this basis alone.  Layco never mentioned unclean hands or laches in its response.

**{¶11}** It is axiomatic that a litigant's failure to raise an issue at the trial court level waives the litigant's right to raise that issue on appeal. *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220, 574 N.E.2d 457 (1991), overruled on other grounds.  Thus appellate courts generally will not consider any error a party failed to bring to the trial court's attention at a time when the trial court could have avoided or corrected the error. *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). *See also Snyder* at ¶ 15 (declining to address argument not initially raised by appellant in response to motion for summary judgment).  Because Layco failed to raise these

arguments with the trial court, it has forfeited the issues on appeal. Accordingly, we overrule its assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
     William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**