[Cite as *Dearth v. Fifth Third Bank*, 2013-Ohio-2686.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| CHARLES E. DEARTH, DBA CANDLE SENSE, LLC, | : | Case No. 12CA3335 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| FIFTH THIRD BANK, | : | |
| | : | **RELEASED 6/26/13** |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

Joseph P. Sulzer, Chillicothe, Ohio, for appellant.

James E. Burke, Drew M. Micks, Keating Muething & Klekamp PLL, Cincinnati, Ohio, and James L. Mann, Mann & Preston, LLP, Chillicothe, Ohio, for appellee.

_____

Harsha, J.

{¶1}   Charles Dearth appeals an entry granting summary judgment to Fifth Third Bank (Fifth Third) and initially contends that certain affidavits attached to the motion do not comply with Civ.R. 56(E).  Originally, Dearth contested his membership in a federal class action lawsuit that was based on the same re-sequencing of debit card transactions that is the subject of this case.  However, the federal court subsequently denied his petition to withdraw as a member of the class and Dearth conceded his membership.  Because the affidavits he complains of relate solely to his status as a member of the class action in federal court, and he has conceded his membership in that class, any irregularities in those affidavits are now irrelevant.

{¶2}   He also argues that the fourth cause of action in his complaint is not barred by the doctrine of res judicata because it is not a claim that could have been

litigated in the class action suit.  However, even if we assume that to be true, his claim is subject to a release.  As part of the settlement agreement in the class action, every member released Fifth Third from any claims relating in any way to the re-sequencing of debit card transactions and overdraft fees.  And because his fourth cause of action relates to the closure of his checking account due to overdraft fees from the re-sequencing of Dearth's debit card transactions, the trial court did not err by granting summary judgment in favor of Fifth Third on the basis of release.

## I. FACTS

{¶3}    This action arises from a business checking account Charles Dearth opened with Fifth Third Bank.  In his amended complaint, Dearth alleged that Fifth Third improperly re-sequenced transactions in his checking account in order to maximize overdraft fees.  Dearth alleged that Fifth Third would hold checking account transactions until the end of the day and thereafter post the transactions from the largest dollar amount to the smallest, regardless of when the charges were actually made.  He also alleged this practice maximized the number of overdraft fees Fifth Third could charge him.  In response Fifth Third filed an answer and motion to stay pending final approval of a nationwide class action in federal court.   It asserted that the class action was also based on re-sequencing of debit card transactions and as a member Dearth would be precluded from independently pursuing the claims in his complaint.

{¶4}    After the court denied the motion, Fifth Third filed amended motions for summary judgment based on the federal court's approval of the class action settlement. The trial court granted Fifth Third's motion for summary judgment finding that Dearth was a member in the class and therefore he released Fifth Third from any claims

relating to the re-sequencing of debit card transactions. Dearth now appeals that judgment.

## II. ASSIGNMENT OF ERROR

{¶5}    Dearth raises one assignment of error for our review:

1. THE TRIAL COURT'S GRANTING SUMMARY JUDGMENT FOR THE DEFENDANT-APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## III. LAW AND ANALYSIS

### A. Affidavits Submitted In Support of Summary Judgment

{¶6}    Initially Dearth argues that certain affidavits submitted by Fifth Third along with its amended motion for summary judgment do not comply with Civ.R. 56(E) because they did not include "the required documents that were allegedly mailed to Appellant, the best evidence," or "any verified copies or records actually maintained by Appellee's Affiant which demonstrates mailings, phone calls, etc., regarding the Appellant."

{¶7}    However, we need not address the merits of Dearth's argument because the affidavits he complains of deal solely with his notification and membership in the class action. In both affidavits the Claims Administrator discusses the initial post card sent to Dearth notifying him of the pending class action and Dearth's subsequent request for additional information. Although initially Dearth denied that he was a member of the class, on appeal Dearth concedes his membership in the class. Presumably this is so because the United States District Court of the Northern District of Illinois denied his petition to withdraw from the class and determined that Dearth received timely notification of the class action. Thus, any affidavit concerning his

notification and membership in the class was only relevant to an issue he now concedes. Even if we assume it was error to consider the affidavits, their consideration could not possibly be prejudicial in light of his concession.

### B. Res Judicata

**{¶8}** The remainder of Dearth's assignment of error involves the doctrine of res judicata. Dearth argues that although Fifth Third's motion for summary judgment "centers on the issue of res judicata," count four of his complaint is not barred by his participation in the class action lawsuit because count four is not the type of claim he could have litigated there. Dearth contends that "cause of action number four is not based solely and strictly upon the 're-sequencing' of debit card transactions," but rather "relates to the conduct of the Appellee's agents and their malicious conduct[.]" [1]

**{¶9}** We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. "Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Snyder v. Stevens*, 4th Dist. No. 12CA3465, 2012-Ohio-4120, ¶ 11.

**{¶10}** Under Civ.R. 56(C), summary judgment is appropriate only if "'(1) no genuine issue of any material fact remains[;] (2) the moving party is entitled to judgment as a matter of law[;] and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for

---

[1] Dearth alleges three other causes of action in this complaint: (1) violations of the Ohio Consumer Sales Practice Act; (2) breach of contract; and (3) unjust enrichment. Dearth does not present any arguments on appeal concerning the other causes of action in his complaint. Likewise, we do not address them.

summary judgment is made.'" *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15, quoting *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9.

{¶11} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). To meet this burden, the moving party must be able to specifically point to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; Civ.R. 56(C).

{¶12} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *." *Dresher* at 293.

{¶13} In count four of his complaint Dearth alleges that Fifth Third "malicious[ly]" intended "to deprive [him] of the opportunity to conduct his business" by "notif[ying] other financial institutions that [he] was not trustworthy and/or a good risk to open any account with other financial institutions," and advising them not to conduct business with him. Furthermore Dearth alleges that as a result of Fifth Third's improper conduct, the credit card company he used for his business withdrew its services.

{¶14} In its amended motion for summary judgment and supplemental amended motion for summary judgment, Fifth Third asserted that the settlement agreement in the class action contained a broad release that forever barred any claims based on overdraft fees from debit card use, including the re-sequencing of transactions; it also argued that as a member of the class, res judicata precluded Dearth from asserting the claims in his complaint. In his response Dearth, denied that res judicata precluded the claims in his complaint, but failed to address Fifth Third's argument regarding the settlement agreement. The trial court agreed with Fifth Third and found that as a member of the class Dearth was subject to the settlement agreement, which released any and all claims relating in any way to the re-sequencing of debit card transactions. And because the court also found that all of Dearth's claims related to the re-sequencing of debit card transactions, summary judgment was appropriate. The trial court further found that to the extent Dearth's claims related to the re-sequencing of paper checks, rather than debit card transactions, Fifth Third was entitled to summary judgment because the Uniform Commercial Code, adopted by Ohio law, explicitly permits banks to pay paper checks from the largest to smallest amount.

{¶15} In its motion for summary judgment Fifth Third attached the federal court's entry denying Dearth's petition to withdraw from the class. As already mentioned Dearth concedes on appeal he was member of settlement class in the federal class action. Thus, there is no genuine issue of fact about Dearth's membership in the class. And we agree with the trial court that he is bound by the terms of the settlement agreement, which states:

> Plaintiff and each and every Settlement Class Member shall be deemed to have fully released and forever discharged Fifth Third * * * of and from any

and all rights, claims, actions, causes of action, demands and remedies, known or unknown, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to in any way the conduct, omissions, duties or matters alleged in the Complaints, including claims relating to any or all of the following matters, provided such claims result from, arise out of, or are based, in any way, upon the use of a Fifth Third Debt Card by the cardholder or by an authorized user of the debit card that led to the assessment of one or more Overdraft Fees: (a) the order or manner in which Fifth Third Debit Card and other transactions are posted to and debited from Fifth Third Accounts; (b) the authorization, approval and handling of any Fifth Third Debit Card Transactions, including ATM transactions; (c) any fees or charges resulting from or relating to Fifth Third Debit Card Transactions, including ATM transactions; (d) any failure to warn when Fifth Third Debit Card Transactions, including ATM transactions, would cause a Fifth Third Account to be overdrawn or a fee assessed * * *.

{¶16}   This language makes it clear that every member of the settlement class, including Dearth, has fully released Fifth Third from any cause of action that relates in any way to the order in which debit card transactions are debited from checking accounts and any fees resulting from debit card transactions.  And it is also clear that count four of Dearth's complaint relates to the re-sequencing of his debit card transactions as he alleges that Fifth Third closed his checking account due to excessive overdraft fees that were incurred at least in part, to the re-sequencing of his debit card transactions.  Thus Fifth Third's "improper conduct" was based, at least in part, on Dearth's debit card transactions and resulting overdraft fees.  The release in the settlement agreement therefore precludes Dearth from bringing count four of his complaint.

{¶17}   Even when construing the evidence in Dearth's favor, no genuine issue of fact remains.  Based on the very broad release in the settlement agreement, we agree that Fifth Third is entitled to judgment as a matter of law regarding count four of the

complaint.  Therefore, the trial court correctly granted summary judgment to Fifth Third and we affirm its judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
      William H. Harsha, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**