CHRISTA H. PRICE

v.

CITY OF KEENE

September 10, 1982

*R. J. Shortlidge, Jr.*, of Keene, by brief and orally, for the plaintiff.

*Charles H. Morang*, city attorney, of Keene (*Mr. Morang* and *David S. Park*, assistant city attorney, on the brief, and *Mr. Morang* orally), for the defendant.

*Bell, Falk & Norton P.A.*, of Keene (*Arnold R. Falk* on the brief and orally), for the intervenors.

PER CURIAM. The issue in this case is whether the plaintiff, whose right-of-way was taken by the City of Keene when it approved the intervenors' subdivision, is entitled to a hearing on her damages under RSA ch. 498-A (Supp. 1979 & 1981).

In May 1979, the City of Keene Plainning Board granted

subdivision approval to the intervenors. "Red Oak Drive," a public road, was to bisect the subdivision and cut across portions of the plaintiff's pre-existing right-of-way. Because of this interference with her right-of-way, the plaintiff challenged the planning board's action by filing a petition for writ of certiorari in superior court. The Superior Court (*Contas*, J.) found that the plaintiff had not shown the planning board's decision to be illegal, unjust, or unreasonable, and dismissed her petition. We affirmed the trial court. *See Price v. Planning Board*, 120 N.H. 481, 485–86, 417 A.2d 997, 1000 (1980). The Keene City Council then held hearings, which the plaintiff attended, concerning the layout of Red Oak Drive and approved the layout. The plaintiff appealed the laying-out of Red Oak Drive to superior court. The Master (*Mayland H. Morse*, Esq.) recommended that the plaintiff's petition be dismissed. The Superior Court (*Pappagianis*, J.) approved this recommendation, and the plaintiff appealed to this court. We reverse.

■  The plaintiff's easement, expressly conveyed to her when she bought her land, is a property interest. *See Waterville Estates Ass'n v. Town of Campton*, 122 N.H. 506, 508, 446 A.2d 1167, 1168 (1982). The master agreed with this proposition, granting the plaintiff's request for a finding that she has a "property interest and easement in the existing roadway." The problem we must next consider is whether a "taking" occurred when the City of Keene approved the intervenors' subdivision and accepted the layout of Red Oak Drive.

The defendant and intervenors characterize the city's action as a noncompensable exercise of the police power. *See State v. Shanahan*, 118 N.H. 525, 527, 389 A.2d 937, 939 (1978). The master adopted this position, reasoning that a taking had not occurred because the evidence failed to establish any substantial impairment in the plaintiff's right of access. Although the city planned to eliminate the plaintiff's original right-of-way, the master found that she would not be deprived of the use or enjoyment of her property because the city planned to provide her with a reasonable, alternative means of access, which the master considered to be superior to the existing, unpaved corduroy road.

■■  The question of whether a taking has occurred when the police power is exercised must be resolved under the circumstances of each case. *Burrows v. City of Keene*, 121 N.H. 590, 598, 432 A.2d 15, 20 (1981). In this case, the plaintiff's ability to use her right-of-way will be eliminated by the intervenors' subdivision. Even though the city will provide her with an alternative route, and even though the plaintiff may not have suffered more than nominal damage, the fact remains that the easement expressly granted to the plaintiff

will no longer exist. This amounts to a taking of a property right, *see id.* at 597, 432 A.2d at 19; *State v. Shanahan,* 118 N.H. at 527, 389 A.2d at 939, and thus the plaintiff has the right to be compensated for the taking of her easement under part I, article 12 of the New Hampshire Constitution. *See Robbins Auto Parts, Inc. v. City of Laconia,* 117 N.H. 235, 236, 371 A.2d 1167, 1168–69 (1977).

The plaintiff has not argued that she is entitled to damages under RSA 231:17 (formerly RSA 234:14). Throughout these proceedings, however, she has taken the position that she is entitled to the procedural protections of the Eminent Domain Procedure Act, RSA ch. 498-A (Supp. 1979 & 1981) when property is taken for public purposes. That statute sets forth detailed procedures to be followed when land is condemned, including the method by which the amount of "just compensation" is to be set. *See* RSA 498-A:23 through :26 (Supp. 1979 & 1981). In approving the intervenors' subdivision, the defendant "condemned" the plaintiff's right-of-way. That right-of-way has value to the plaintiff: it is a right, privilege or advantage in land, and, in the instant case, is an historic road that she argues has a charm which a modern improved road will lack. We hold that the plaintiff is entitled to a hearing regarding compensation for the taking of her right-of-way.

*Reversed and remanded.*