[The State ex rel.] Duncan, Appellant, v. City of Mentor City Council et al., Appellees.

[Cite as *State ex rel. Duncan v. Mentor City Council,* 105 Ohio St.3d 372, 2005-Ohio-2163.]

(No. 2004–1793—Submitted February 15, 2005—Decided May 18, 2005.)

**Per Curiam.**

{¶ 1} This is an appeal as of right from an order denying a writ of mandamus to compel appropriation proceedings against a landowner who wishes to build a residence on his property. Because the court of appeals erred in granting summary judgment on behalf of appellees, we reverse and remand.

{¶ 2} In 1984, the Shiloh Park Subdivision was created in Mentor, Ohio. The property was conveyed subject to various easements, restrictions, covenants, and conditions. In 1994, appellant, Richard A. Duncan, purchased a parcel in the subdivision at a sheriff's sale for $1,000. Duncan's parcel contains a large drainage creek in which Mentor has easement rights.

{¶ 3} In August 2002, Duncan applied to build a single-family residence on that portion of his subdivision parcel adjacent to the city's easement. The city engineer requested that Duncan provide topographic information and details concerning groundwater in the event Duncan's plan included a basement. Duncan never provided the requested information. Duncan noted that although he

had discussed a sale of his parcel with abutting property owners, they would not likely agree on a price. Even though Duncan had purchased the property for $1,000, he was asking $11,000 from Mentor to purchase the land. The city noted that if Duncan's offer were more reasonable, the city might respond.

{¶ 4} On January 30, 2003, appellee Municipal Planning Commission of Mentor denied Duncan's application to build a residence on the property. The planning commission determined that the subdivision's declaration of covenants, conditions, and restrictions had designated Duncan's parcel a common area and not a buildable lot.

{¶ 5} On February 28, 2003, Duncan filed a complaint in the Court of Appeals for Lake County for a writ of mandamus to compel appellees, the Mentor City Council, the Mentor Planning Commission, and the council and commission members, to commence appropriation proceedings "to determine the amount by which the value of [his] use of the property has been diminished as a consequence of the City's unconstitutional enforcement against Duncan's property of its zoning ordinances or other ordinances." Duncan alleged that he had been denied "economically viable use of his land (totally and/or partially)." Duncan attached an affidavit verifying the facts alleged in his complaint.

{¶ 6} After the court of appeals denied appellees' motion to dismiss Duncan's complaint, appellees answered and moved for summary judgment. Appellees claimed that no taking of Duncan's property had occurred because they did not apply any zoning ordinance in denying his application to build a house and they had not denied Duncan all economically viable use of his land. In his memorandum in opposition, Duncan claimed that he is being denied a permitted use of his lot. He specified by affidavit that he did not provide the requested topographic information to the city because he was told it was not yet required. Duncan also stated in his affidavit that he had read the covenants before he purchased the property and that the lot had never been owned by any homeowners' association.

{¶ 7} On September 20, 2004, the court of appeals granted appellees' summary-judgment motion and denied the writ. The court of appeals held that the planning commission's reliance on restrictive covenants in a subdivision declaration was insufficient to warrant an appropriation action because the commission was not enforcing any governmental regulation when it rendered its decision— i.e., the private nature of the covenants in the subdivision declaration precluded a taking by the city.

{¶ 8} This cause is now before the court upon an appeal as of right.

## Standard of Review

{¶ 9} Duncan asserts that the court of appeals erred in granting appellees' summary judgment motion and denying his claim for a writ of mandamus.

Summary judgment is appropriate if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can came to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 10} In order to be entitled to the requested writ of mandamus, Duncan has to establish a clear legal right to compel appellees to commence an appropriation action, a corresponding clear legal duty for appellees to institute this action, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Savage v. Caltrider,* 100 Ohio St.3d 363, 2003-Ohio-6806, 800 N.E.2d 358, ¶ 8.

### Mandamus: Appropriation

{¶ 11} "The United States and Ohio Constitutions guarantee that private property shall not be taken for public use without just compensation." *State ex rel. Shemo v. Mayfield Hts.* (2002), 95 Ohio St.3d 59, 63, 765 N.E.2d 345; Fifth and Fourteenth Amendments to the United States Constitution; Section 19, Article I, Ohio Constitution. "Mandamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged." *Shemo,* 95 Ohio St.3d at 63, 765 N.E.2d 345.

{¶ 12} The court of appeals determined that Duncan's mandamus claim was not yet ripe because the planning commission's denial of Duncan's application to build a single-family home on his lot did not constitute a final determination concerning the application of regulations to the property. The court of appeals reasoned that the planning commission's decision was based on the private restrictive covenants of the subdivision declaration rather than on the application of any Mentor zoning ordinance. According to the court of appeals, "[t]he proper forum for relator to litigate the question of the interpretation and application of the subdivision declaration would be the Lake County Court of Common Pleas in a declaratory judgment action."

{¶ 13} The court of appeals erred in so holding. In finding that Duncan's claim is not ripe, the court of appeals relied on *Williamson Cty. Regional Planning Comm. v. Hamilton Bank of Johnson City* (1985), 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126, and *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350. In *Williamson,* 473 U.S. at 186, 105 S.Ct. 3108, 87 L.Ed.2d 126, the Supreme Court of the United States held that "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue."

Similarly, in *Karches,* 38 Ohio St.3d 12, 526 N.E.2d 1350, paragraph two of the syllabus, this court held that "[a] prerequisite to a determination that an actual controversy exists in a declaratory judgment action is a final decision concerning the application of the zoning regulation to the specific property in question."

{¶ 14} Neither *Williamson* nor *Karches,* however, involved a mandamus action. *Williamson* concerned a federal civil rights action under Section 1983, Title 42, U.S.Code, and *Karches* involved declaratory-judgment actions.

{¶ 15} Moreover, the planning commission has reached its "final decision" concerning Duncan's application: it has denied the application. See, e.g., *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 341–342, 699 N.E.2d 1271 (taking alleged by city's denial of demolition permit).

{¶ 16} Furthermore, the court of appeals' conclusion that the subdivision declaration constituted a purely private matter was erroneous. Under Mentor Code of Ordinances 152.012, "No land shall be subdivided within the corporate limits of the City of Mentor until: [A] The subdivider shall submit plats as described by this chapter; [B] Said plats have been approved as provided herein; and [C] The approved plats are recorded in the County Record of Plats." Cf. R.C. 711.09(A)(1) ("when a city planning commission adopts a plan for the major streets or thoroughfares and for the parks and other open public grounds of a city or any part of it, * * * then no plat of a subdivision of land within that city or territory shall be recorded until it has been approved by the city planning commission and that approval endorsed in writing on the plat"). Because some municipal approval of the subdivision is contemplated, restrictive covenants contained in the subdivision declaration are not completely "private." Cf. *Canton v. State,* 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963, ¶ 28, quoting Black's Law Dictionary (7th Ed.Rev.1999) 371 ("A 'restrictive covenant' is a 'private agreement, usu. in a deed or lease, that restricts the use or occupancy of real property, esp. by specifying lot sizes, building lines, architectural styles, and the uses to which the property may be put' ").

{¶ 17} Therefore, insofar as Mentor approved the creation of the subdivision and applied covenants contained in the subdivision declaration to deny Duncan's application to build a single-family residence on his property, a compensable taking might have occurred. This conclusion is consistent with comparable authority. See, e.g., 1 Sackman & Van Brunt, Nichols on Eminent Domain (3d Ed.2004) 1–243, Section 1.42[2], citing *Price v. Keene* (1982), 122 N.H. 840, 451 A.2d 382 ("the city's approval of a subdivision plan which eliminated a landowner's right-of-way to her property was a 'taking,' entitling the landowner to just compensation").

{¶ 18} Based on the foregoing, we reverse the judgment of the court of appeals and remand for further proceedings. Genuine issues of material fact remain

regarding whether there was a compensable taking, e.g., whether the planning commission's application of subdivision covenants to deny Duncan's application substantially advanced legitimate state interests and whether that action denied Duncan all economically viable use of his property. See *State ex rel. Trafalgar Corp. v. Miami Cty. Bd. of Commrs.*, 104 Ohio St.3d 350, 2004-Ohio-6406, 819 N.E.2d 1040, ¶ 25, quoting *Shemo,* 95 Ohio St.3d at 63, 765 N.E.2d 345 ("a compensable regulatory taking could 'occur *either* if the application of the zoning ordinance to the particular property is constitutionally invalid, i.e., it does not substantially advance legitimate state interests, *or* denies the landowner all economically viable use of the land' "). (Emphasis sic.)

Judgment reversed
and cause remanded.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR and LANZINGER, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., concur separately.

---

**LUNDBERG STRATTON, J., concurring.**

{¶ 19} I concur in the judgment of the majority. However, I write to emphasize that we are simply finding that summary judgment was premature. We are not taking a position on the merits of the case. Issues of whether the covenants applied to Duncan, Duncan's knowledge of the covenants when he purchased the land for a mere $1,000, and the purpose of the covenants for a common area all involve concerns about the state's legitimate interest in regulating use of the land. Similarly, the city's offer to purchase Duncan's property may be evidence of the economic viability of the land. These issues need to be resolved on remand.

O'DONNELL, J., concurs in the foregoing opinion.

---

Richard A. Duncan, pro se.

Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich, and David J. Sipusic; Richard A. Hennig, Mentor Law Director, for appellees.