[Cite as *State ex rel. Wasserman v. Fremont,* 131 Ohio St.3d 52, 2012-Ohio-27.]

THE STATE EX REL. WASSERMAN ET AL., APPELLEES, *v.* CITY OF

FREMONT ET AL., APPELLANTS.

[Cite as *State ex rel. Wasserman v. Fremont,*

131 Ohio St.3d 52, 2012-Ohio-27.]

*Court of appeals erred in granting a writ of mandamus to compel an appropriation proceeding when the court had not yet determined that relators had met their burden of proving that their property had been taken by the city.*

(No. 2011-0683—Submitted December 7, 2011—Decided January 10, 2012.)

APPEAL from the Court of Appeals for Sandusky County,

No. S-10-031, 2011-Ohio-1269.

_____

**Per Curiam.**

{¶ 1} We reverse the judgment of the court of appeals granting to appellees, Stanley and Kathryn Wasserman, a writ of mandamus to compel appellants, the city of Fremont, Ohio, and its mayor, Terry Overmyer, to commence an appropriation action "to determine whether or not a taking actually occurred in this case and how much compensation, if any, is due from" appellants. *State ex rel. Wasserman v. Fremont*, 6th Dist. No. S-10-031, 2011-Ohio-1269, 2011 WL 941375, ¶ 9. The Wassermans alleged that when the city constructed a reservoir on its property, the city damaged drainage tiles belonging to the Wassermans and that the city's actions interfered with the Wassermans' use of their drainage easement over the city's property and with their use of their property, due to inadequate drainage. Thus, the Wassermans alleged that the city's actions constituted a taking of their property.

**{¶ 2}** It is true that "[m]andamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged." *State ex rel. Shemo v. Mayfield Hts.* (2002), 95 Ohio St.3d 59, 63, 765 N.E.2d 345, judgment modified in part on other grounds, 96 Ohio St.3d 379, 2002-Ohio-4905, 775 N.E.2d 493; see also *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 11.

**{¶ 3}** But to be entitled to the requested writ of mandamus to compel an appropriation proceeding, relators in these cases must do more than merely allege a taking—they must establish that a taking of their property by a public authority has occurred. See *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 344, 699 N.E.2d 1271 (relator in mandamus action seeking writ to compel city to commence appropriation proceeding had the burden of proving a compensable taking). That is, "[i]n these [mandamus] actions, the court, as the trier of fact and law, must determine whether the private property had been taken by the public authority." Id. at 342, citing *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 108, 637 N.E.2d 319. Thus, "appropriation proceedings may be compelled through mandamus, but * * * the court must initially determine that the pertinent property has been appropriated." *Levin* at 109; see also *State ex rel. Gilbert v. Cincinnati*, 125 Ohio St.3d 385, 2010-Ohio-1473, 928 N.E.2d 706 (affirming judgment granting writ of mandamus to compel appropriation proceeding on physical-taking claim that had been established by relators and denying writ of mandamus on regulatory-taking claim that had not been proven).

**{¶ 4}** Therefore, the court of appeals erred in granting a writ of mandamus to compel the city and its mayor to commence an appropriation proceeding when the court had not yet determined that the Wassermans' property had been taken by the city. Based on the foregoing, we reverse the judgment of

the court of appeals granting the writ of mandamus and remand the cause to that court for further proceedings consistent with this opinion. These further proceedings should permit the parties to submit evidence concerning whether a taking of the Wassermans' property has occurred. The Wassermans must establish their entitlement to the writ by clear and convincing evidence. See *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, paragraph three of the syllabus.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Davies, Ruck & Speweik, Ltd., Corey J. Speweik, Nathan T. Oswald, and J. Douglas Ruck, for appellees.

Robert G. Hart, Fremont Law Director, for appellants.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, and Michael L. Stokes, Senior Assistant Attorney General, urging reversal for amicus curiae state of Ohio.

_____