[Cite as *Promac Technologies, L.L.C. v. Fabrication Automation, L.L.C.*, 2021-Ohio-4272.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PROMAC TECHNOLOGIES, LLC, | : | APPEAL NO. C-200437 |
| | | TRIAL NO. A-2001812 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| FABRICATION AUTOMATION, LLC, | : | |
| d.b.a. FAST MACHINE TOOLS, | | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 8, 2021

*Benjamin, Heather, Iaciofano & Bitter, LLC,* and *Patrick M. O'Neill,* for Plaintiff-Appellant,

*Pinales Stachler Young & Burrell Co., LPA*, and *Thomas L. Stachler*, for Defendant-Appellee.

**Bоск, Judge.**

{¶1}   Plaintiff-appellant ProMac Technologies, LLC, ("ProMac") appeals the trial court's entry of summary judgment in favor of defendant-appellee Fabrication Automation, LLC, d.b.a. Fast Machine Tools ("Fabrication Automation"). We affirm the trial court's judgment.

## I.     Facts and Procedure

### A.   The Lawsuit

{¶2}   In May 2020, ProMac, a limited liability company ("LLC") registered in Pennsylvania, sued Fabrication Automation, an Ohio LLC, for breach of contract, unjust enrichment, and failure to pay commissions in accordance with R.C. 1335.11.

{¶3}   Fabrication Automation filed a "Motion to Dismiss Plaintiff's Complaint or Alternatively for Summary Judgment," along with supporting affidavits. It contended that because ProMac was a foreign LLC that was not registered in Ohio, it lacked standing under R.C. 1705.58. Therefore, Fabrication Automation argued, it was entitled to a dismissal of the complaint under Civ.R. 12(B)(1) or summary judgment under Civ.R. 56. Further, Fabrication Automation asserted that it never had a contractual relationship with ProMac and, because ProMac sued the wrong party, it had failed to state a claim against Fabrication Automation.

{¶4}   ProMac filed a "Motion for Leave to File First Amended Complaint and Motion to Add Necessary Parties," followed by an amended complaint where it added Fabricating Systems and Technology, Inc. ("Fabricating Systems") and Skip Doyle as defendants. ProMac also added counts of fraudulent inducement and piercing the corporate veil.

2

B. Trial Court's Judgment

{¶5} The trial court granted ProMac's motion to amend, allowing it to add the fraudulent-inducement claim and add Fabricating Systems and Doyle as parties. It did not permit ProMac to add a piercing-the-corporate-veil claim.

{¶6} Next, the trial court considered whether ProMac had standing to sue Fabrication Automation in Ohio under R.C. 1705.58. The trial court determined that ProMac was a Pennsylvania company that was not registered to do business in Ohio. Next, it found that numerous emails between ProMac and either Fabrication Automation or Fabricating Systems resulted in a contract in August 2018 under which ProMac would sell product lines for one of the companies to "potential buyers in 'portions of Ohio, Western Pennsylvania, [and] Western New York,' " and ProMac would make commissions from those sales. The trial court found that it was uncontroverted that ProMac intended to have a longstanding business relationship with one of these entities, as the record demonstrated that their relationship was not casual, and that ProMac was in the "beginning stages of conducting continuous activities on behalf of an Ohio business in a sales region that included Ohio."

{¶7} Based on these findings, the trial court determined that ProMac had transacted business in Ohio and, as a foreign LLC that was not registered in Ohio, R.C. 1705.58 prevented it from maintaining a lawsuit in Ohio. The trial court therefore granted summary judgment in Fabrication Automation's favor.

{¶8} ProMac appeals, arguing that a foreign LLC is not required to register with the Ohio Secretary of State unless it regularly conducts business in the state. It contends that it did not have "extensive and continuous" contacts requiring it to register in Ohio. It further argues that genuine issues of material fact exist as to who

were the parties to the contract and which parties were necessary to the lawsuit.

## II.    Standard of Review

{¶9}    We conduct a de novo review of a trial court's order granting summary judgment. *Uren v. Dahoud*, 1st Dist. Hamilton No. C-170438, 2021-Ohio-3425, ¶ 16. Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that "(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *Id.* at ¶12, quoting *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9.

## III.    Law and Analysis

### A.    ProMac Lacked Standing to File the Claim

{¶10} R.C. 1705.58(A) provides that a "foreign limited liability company transacting business in this state may not maintain an action or proceeding in any court of this state until it has registered in this state" in accordance with R.C. 1705.53 through 1705.58. *See Mun. Tax Invest., L.L.C v. Pate*, 3d Dist. Franklin No. 16AP-218, 2016-Ohio-7791, ¶ 16, and *CACV of Colorado, L.L.C. v. Hillman,* 3d Dist. Union No. 14-09-18, 2009-Ohio-6235.

{¶11} "It is well-recognized * * * that a foreign corporation transacts business within a state when 'it has entered the state by its agents and is therefore engaged in carrying on and transacting through them some substantial part of its ordinary or customary business, usually continuous in the sense that it may be

distinguished from merely casual, sporadic, or occasional transactions and isolated acts.' " *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, quoting *Auto Driveaway Co. v. Auto Logistics of Columbus*, 188 F.R.D. 265 (S.D.Ohio 1999). A foreign corporation's activities must be permanent, continuous, and regular to constitute "doing business" in Ohio. *Id.*

{¶12} In *Premier Capital, LLC v. Baker,* 11th Dist. Portage No. 2011-P-0041, 2012-Ohio-2834, the court allowed a debt-collection suit to continue in spite of the plaintiff LLC not being registered with the Ohio Secretary of State. It opined that the LLC had not been engaging in activities that customarily would be considered "transacting business" because attempting to collect a debt is not activity that would require registering with the Ohio Secretary of State before filing the suit. *Id.* at ¶ 28.

{¶13} ProMac conceded in its brief to this court that it is a foreign LLC that has not registered with the Ohio Secretary of State, so there is no dispute as to whether it is a foreign LLC. Therefore, the question is whether ProMac's activities constituted "doing business" in Ohio.

{¶14} ProMac maintains that it has not conducted "extensive and continuous commercial contacts with the state of Ohio" so as to be required to register with the Ohio Secretary of State to maintain an action for breach of contract in Ohio. But ProMac's activities were not casual, sporadic, or occasional.

{¶15} It is undisputed that ProMac and an Ohio LLC—Fabrication Automation and/or Fabricating Systems—exchanged numerous emails between January and August 2018 to negotiate the August 2018 contract. This continuous communication between ProMac and an Ohio LLC resulted in an agreement whereby

5

ProMac would procure sales of products to Ohio customers. The contract does not reflect an end date to the agreement, which is further indicative of the permanent, continuous, and regular nature of the business relationship. The record reflects that ProMac performed at least one sale in Ohio under the contract before ProMac sued Fabrication Automation, which formed the basis for the lawsuit.

{¶16} Fabrication Automation provided evidence that ProMac, a foreign LLC, was "carrying on and transacting * * * a substantial part of its ordinary or customary business" by pursuing and becoming a subagent to sell products for an Ohio LLC. And ProMac failed to produce any evidence to support its argument that it was not required to register in Ohio. Therefore, there was no genuine issue of material fact because the contract required ProMac to provide continuous activities in Ohio and the lawsuit was based on an Ohio activity. Accordingly, ProMac was required to register with the Ohio Secretary of State before commencing its action. Because it was not a properly registered foreign LLC, it lacked standing to bring the suit. ProMac's third assignment of error is overruled.

### B. Parties to the Contract and to the Lawsuit

{¶17} In ProMac's first and second assignments of error, it alleges that a genuine issue of material fact exists as to who the contracting parties were and which entity is a proper party to the lawsuit. Because this court has overruled the third assignment of error, the first and second assignments of error are moot and we do not address them.

### IV. Conclusion

{¶18} Promac's business activities required it to register with the Ohio Secretary of State before it could maintain a lawsuit in Ohio. Because it failed to do

so, it lacked standing. The trial court properly entered summary judgment in Fabrication Automation's favor.

**{¶19}** We note that the trial court erred by granting ProMac's motion to amend because the summary judgment disposed of the action. The trial court's judgment is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion