[Cite as *CR Hill, L.L.C. v. Westlake*, 2022-Ohio-693.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CR HILL, LLC, | : | |
| Plaintiff-Appellee, | : | No. 110610 |
| v. | : | |
| CITY OF WESTLAKE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 10, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-914756

***Appearances:***

Law Office of John R. Christie, LLC, and John R. Christie,
*for appellee.*

Mazanec, Raskin & Ryder Co., L.P.A., James A. Climer,
and Frank H. Scialdone; City of Westlake, Michael P.
Maloney, Law Director, and Robin R. Leasure, *for
appellant.*

MARY J. BOYLE, J.:

{¶ 1}   Defendant-appellant, City of Westlake ("Westlake"), appeals the trial court's order denying it immunity from tort claims filed by plaintiff-appellee, CR Hill, LLC ("CR Hill"), following Westlake's rejection of CR Hill's plan to build

townhomes in the proposed Hillsborough Townhomes Development in Westlake. For the reasons set forth below, we reverse the trial court's judgment and remand for entry of summary judgment in favor of Westlake on Counts 2, 3, and 4 of CR Hill's complaint.

{¶ 2} On May 1, 2019, CR Hill filed a four-count complaint against Westlake, alleging that Westlake improperly denied CR Hill's development plan. In Count 1, CR requested that the trial court "enter a declaratory judgment stating that [CR Hill's] plan meets all of the relevant codes and laws, as well as [Westlake's] master plan, and should be approved for construction and development." In Counts 2, 3, and 4, CR Hill asserted several claims in damages, seeking lost profits; costs associated with formulating and submitting its development plan; and additional expenses, including "professional service [fees], development fees, real estate fees, carrying costs, option fees, and other damages." CR Hill alleges that these damages are the "proximate result" of Westlake's denial of CR Hill's development plan and the denial was contrary to Westlake's own zoning laws and ordinances.

{¶ 3} After obtaining a stipulated leave to plead, Westlake filed its answer on July 1, 2019, asserting political subdivision immunity and lack of standing among its affirmative defenses.

{¶ 4} The parties proceeded to discovery. On October 12, 2020, Westlake moved for summary judgment, arguing that CR Hill lacked standing because it held no interest in the vacant land it had planned to develop and Westlake was immune

from suit for money damages under R.C. Chapter 2744. After obtaining an extension of time to respond, CR Hill filed its brief in opposition on November 23, 2020, arguing that CR Hill held a contingent interest in the land through an option purchased by a related entity, Three J Properties, LLC. CR Hill alleges this entity intended to assign its interest in the land to CR Hill once Westlake approved CR Hill's development plan. CR Hill also argued that Westlake was not immune because its review of the development plan was a proprietary function and it was negligent in departing from its zoning code when it rejected the plan.

{¶ 5} On July 16, 2021, the trial court denied Westlake's motion for summary judgment, finding that CR Hill "has a contingent interest in the property sufficient enough for standing to maintain the instant suit," and although Westlake

> argues [that] it is protected with blanket immunity pursuant to O.R.C. 2744.02(A)(1)[,] [i]n the motion and subsequent responsive pleadings, the parties debate over whether the city of Westlake's planning board and/or members of city coun[cil] acted "negligently" or "intentionally," and consequently whether immunity may be invoked. * * * Accordingly, this court, has no choice but to find that genuine issues of material fact do indeed exist and, therefore, [Westlake's] motion for summary judgment must be denied.

{¶ 6} Westlake appeals this judgment, raising a single assignment of error for review:

ASSIGNMENT OF ERROR ONE

The lower court erred in denying the appellant/city of Westlake's motion for summary judgment because the city is immune.

{¶ 7} In its sole assignment of error, Westlake argues that the trial court erred in denying Westlake immunity because R.C. 2744.01 provides that actions

taken in connection with the approval of plans for the construction of buildings or structures constitute an immune governmental function.

{¶ 8} Appellate review requires a final, appealable order. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). Generally, denial of summary judgment is not a final order. *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 23, 222 N.E.2d 312 (1966). An order denying a political subdivision the benefit of an alleged immunity from liability, however, is a final order. R.C. 2744.02(C); *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 27. Therefore, our review of this interlocutory order is limited to the question of whether Westlake is immune under R.C. Chapter 2744 from CR Hill's claims for damages.

{¶ 9} We review a grant or denial of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

> Summary judgment is appropriate if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

*State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9.

{¶ 10} A determination of whether a political subdivision has the affirmative defense of immunity involves a three-tiered analysis. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 13, citing *Colbert v. Cleveland*, 99 Ohio

St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7, and *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 8. First, the party alleging immunity must enjoy a general grant of immunity under R.C. 2744.02(A)(1), which provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." *Id.* Second, the party disputing immunity must show that one of the exceptions to immunity under R.C. 2744.02(B) applies. *Id.* at ¶ 14, citing *Colbert* at ¶ 8, and *Lambert* at ¶ 9. Third, if no exception applies, the political subdivision is immune from liability. *Id.* at ¶ 15; *Fried v. Friends of Breakthrough Schools*, 8th Dist. Cuyahoga No. 108766, 2020-Ohio-4215, ¶ 17. If an exception applies, the political subdivision must show that one of the defenses under R.C. 2744.03 applies. *Id.*

{¶ 11} First, we analyze the general grant of immunity under R.C. 2744.02(A)(1). In this case, there is no dispute that Westlake, a municipal corporation, is a "political subdivision" under R.C. 2744.01 entitled to a general grant of immunity under R.C. 2744.02(A)(1).

{¶ 12} Next, we analyze whether one of the exceptions to immunity under R.C. 2744.02(B) applies. On appeal, the parties agree that the only exception that potentially applies in this case is R.C. 2744.02(B)(2) concerning negligent acts tied to proprietary functions. We therefore limit our focus to this exception. To determine whether this exception applies, we must resolve whether Westlake was

engaged in a governmental or proprietary function when it reviewed and subsequently rejected CR Hill's development plan.

{¶ 13} Westlake argues that review of a development plan is an immune governmental function. CR Hill contends that Westlake's review of CR Hill's development plan is a nonessential proprietary function, and Westlake's planning commission and city council were negligent when they departed from Westlake's zoning code and rejected the plan. Based on our review of the law and the record before us, we find Westlake's argument more persuasive.

{¶ 14} R.C. 2744.01 defines "governmental function," in relevant part, as "a function of a political subdivision that is specified in division (C)(2) of this section" or "[a] function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function." R.C. 2744.01(C)(1)(c). Among the enumerated governmental functions in division (C)(2) is "the taking of actions in connection with [building and zoning] codes, including, but not limited to, the approval of plans for the construction of buildings or structures." R.C. 2744.01(C)(2)(p).

{¶ 15} Conversely, R.C. 2744.01(G)(1) defines "proprietary function," in relevant part, as "a function of a political subdivision that is specified in division (G)(2) of this section" or one that satisfies both of the following: (1) "The function is * * * not one specified in division (C)(2) of this section," and (2) "The function is one that promotes or preserves the public peace, health, safety, or welfare and that

involves activities that are customarily engaged in by nongovernmental persons." R.C. 2744.01(G)(1)(a)-(b). Among the proprietary functions enumerated under R.C. 2744.01(G)(2) is the operation of a hospital, public cemetery, public utility, sewer system, public stadium, auditorium, or off-street parking facility.

{¶ 16} In this case, Westlake was engaged in reviewing CR Hill's development plans for compliance with Westlake's zoning code and community standards. Actions a city takes in connection with its zoning code constitute a governmental function. *Ormond v. Rollingbrook Estates Homeowners Assn.*, 8th Dist. Cuyahoga No. 76482, 2000 Ohio App. LEXIS 5731, 22 (Dec. 7, 2000). R.C. 2744.01(C)(2)(p) expressly states that actions taken when reviewing development plans for compliance with building and zoning codes constitute a governmental function. *Paul C. Harger Trust v. Morrow Cty. Regional Planning Comm.*, 5th Dist. Morrow No. 03-CA-19, 2004-Ohio-6643, ¶ 46.

{¶ 17} CR Hill contends that government functions are essential functions. R.C. 2744.01(C)(1) does not define a governmental function as an essential function. Rather, this section defines a governmental function, in part, as "involv[ing] activities that are not engaged in or not customarily engaged in by nongovernmental persons." R.C. 2744.01(C)(1)(c). As noted above, the statute and case law define actions that a city takes in connection with its zoning code, including review of development plans for compliance with the code, as the type of actions taken by governmental, not nongovernmental persons. CR Hill cites no law supporting the distinction between governmental and proprietary functions as essential and

nonessential, respectively. *See Tasse v. Marsalek*, 8th Dist. Cuyahoga No. 109113, 2020-Ohio-5084, ¶ 18 (noting that reliance on *Perry v. E. Cleveland*, 11th Dist. Lake No. 95-L-111, 1996 Ohio App. LEXIS 507 (Feb. 16, 1996) partly for the proposition that "'[if the function is] proprietary, the governmental body may be liable for a negligent act or nonact unless the act * * * involved the necessary or essential exercise of it [sic] powers'" was "misplaced" and presented "a somewhat distorted interpretation of the law.").

{¶ 18} CR Hill also cites no law in support of its contention that review of development plans constitutes a proprietary function or that enforcement of building or zoning codes is among or similar to the nonexhaustive list of proprietary functions enumerated under R.C. 2744.01(G)(2). Instead, CR Hill relies on *Blust v. Blue Ash*, 177 Ohio App.3d 146, 2008-Ohio-3165, 894 N.E.2d 89 (1st Dist.), *Andreano v. Council of Westlake*, 8th Dist. Cuyahoga No. 79286, 2002-Ohio-19, and *Gillespie v. Stow*, 65 Ohio App.3d 601, 603, 584 N.E.2d 1280 (9th Dist.1989), for the proposition that a city cannot ignore its own zoning code in rejecting a compliant development plan and, if it does, that rejection is an arbitrary and capricious exercise of the city's authority.

{¶ 19} The cases cited by CR Hill are inapposite. None of them addresses the issue of tort immunity under R.C. 2744.01 et seq., much less whether review of development plans constitutes a proprietary function. *Blust* involved an action for declaratory relief, in which the court rejected a constitutional challenge following the city council's denial of an application to have residential property rezoned

commercial. *Andreano* was an administrative appeal, in which this court affirmed a finding that the city council's belated enactment of an ordinance that effectively rendered a development plan nonconforming because it interfered with a preexisting road project was arbitrary because the road project sat idle for 15 years and first required approval in accordance with the city's own code. *Gillespie*, another administrative appeal, involved an action for declaratory and injunctive relief, in which the court found that the city council had exceeded its administrative authority in denying a conditionally permitted use under its code as nonpermitted.

{¶ 20} We find that Westlake's review of CR Hill's development plans is a governmental function as defined by R.C. 2744.01(C)(2)(p) and the relevant case law. As a result, Westlake is entitled to immunity under the statute.

{¶ 21} Having concluded that Westlake was engaging in a governmental function when reviewing CR Hill's plans, we need not consider whether Westlake was negligent in rejecting those plans. R.C. 2744.02(B)(2) does not apply because it is limited to negligence in the execution of proprietary functions. It is also well established that political subdivisions are immune from intentional torts under R.C. 2744.02. *Fried*, 8th Dist. Cuyahoga No. 108766, 2020-Ohio-4215, at ¶ 24, citing *Wingfield v. Cleveland*, 8th Dist. Cuyahoga No. 100589, 2014-Ohio-2772, ¶ 9, citing *Walsh v. Mayfield*, 8th Dist. Cuyahoga No. 92309, 2009-Ohio-2377, ¶ 11, citing *Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 639 N.E.2d 105 (1994). The third tier of the immunity analysis is relevant only if an exception

under R.C. 2744.02(B) applies. Because CR Hill has not established any exceptions, Westlake is not required to raise any defenses under R.C. 2744.03.

{¶ 22} In accordance with R.C. 2744.01, we find, as a matter of law, that Westlake is immune from CR Hill's claims in damages. Westlake's sole assignment of error is sustained.

{¶ 23} Accordingly, judgment reversed and remanded for entry of summary judgment in favor of Westlake on Counts 2, 3, and 4 of CR Hill's complaint.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LISA B. FORBES, J., CONCUR