[Cite as *Johnson-White v. Houston*, 2023-Ohio-4276.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| PAMELA JOHNSON-WHITE, | : | APPEAL NO. C-230059 |
|  |  | TRIAL NO. A-2104025 |
| Plaintiff -Appellee, | : |  |
| vs. | : |  |
|  |  | *O P I N I O N.* |
| THOMAS EDWARD HOUSTON, JR., | : |  |
| Defendant-Appellant, | : |  |
| and | : |  |
| MISHA L. HOUSTON, | : |  |
| Defendant. | : |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 29, 2023

*Kegler, Brown, Hill + Ritter, Matthew M. Zofchak* and *Maria Mariano Guthrie*, for Plaintiff-Appellee,

*Yonas and Phillabaum, Hope E. Platzbecker* and *Jason Phillabaum*, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** When a new neighbor, defendant-appellant Thomas Houston, prevented plaintiff-appellee Pamela Johnson-White from using an express easement that had existed for more than 60 years, Johnson-White sued to enforce her right to use the easement. The trial court granted Johnson-White's motion for summary judgment, which sought a declaratory judgment and injunctive relief.

**{¶2}** Houston appeals the trial court's judgment, arguing that a genuine issue of material fact existed as to whether Johnson-White had abandoned the easement and that summary judgment was premature because Houston wished to conduct additional discovery. Because Houston failed to present facts and evidence showing that Johnson-White had abandoned the easement and failed to comply with Civ.R. 56(F), we affirm the trial court's judgment.

## Facts and Procedure

**{¶3}** Johnson-White acquired title to 755 N. Fred Shuttlesworth Circle in Cincinnati, Ohio ("Johnson-White's property") in 1989. An express easement existed in favor of Johnson-White over the neighboring property at 761 N. Fred Shuttlesworth Circle ("Houston's property") for more than 60 years.

**{¶4}** Before 1961, Johnson-White's and Houston's properties were a single parcel. Around 1961, the then-owners of the single property divided it into what is presently two lots. The deeds to both properties expressly provided for a driveway easement across the Houston property. For decades, the properties were conveyed with the easement reflected in deeds and chains of title.

**{¶5}** The deed to Johnson-White's property expressly states that the grant included "an easement for driveway purposes" over the Houston property. Johnson-White and her late husband had regularly used the easement since 1989.

**{¶6}** Houston purchased his property in May 2021. There were two quitclaim deeds, neither of which referred to the easement. But the title policy provided to Houston at closing identified the easement in his chain of title.

Johnson-White sued Houston

**{¶7}** Houston denied Johnson-White access to the easement. In November 2021, after months of being denied access, Johnson-White filed a verified complaint for a declaratory judgment, adverse possession, prescriptive easement, and injunctive relief in the Hamilton County Court of Common Pleas. Attached to her verified complaint were, among other documents, (1) a professional survey of Houston's property with the easement highlighted; (2) a professional title search for the Houston property showing that the deed chain reflects the easement; and (3) Hamilton County, Ohio recorder's office documents showing that the easement was transferred to the current owners of each parcel.

**{¶8}** At a November 2021 hearing on Johnson-White's motion for a temporary restraining order and preliminary injunction, the parties agreed to a procedure for Johnson-White to use the easement during the pendency of the action. Other than using the easement to tow some cars off of her property, Johnson-White was prevented from further using it.

**{¶9}** Houston's answer to the complaint denied the existence of the easement. He filed a counterclaim, alleging trespass, unjust enrichment, abandonment, and negligence, and sought to quiet title and attorney's fees.

{¶10} Johnson-White denied all allegations in Houston's counterclaim. In July 2022, she moved for partial summary judgment on the declaratory-judgment action and injunctive relief.

{¶11} Houston's "response to [Johnson-White's] motion for summary judgment" asked the trial court to dismiss the summary-judgment motion "pursuant to Civ.R. 56(F)." Houston alleged that it was disputed whether (1) "the supposed easement was validly created;" (2) the easement was valid due to it not being formally documented, bargained for, or "consummated by the actual creation of shared driveway;" (3) the easement was abandoned; (4) the purpose of the easement was "dissolved" when Johnson-White installed a driveway on her property; and (5) the "alleged easement is unconscionable" because it prevented Houston from parking his car on his property.

{¶12} Houston's memorandum in opposition to Johnson-White's motion recited the summary-judgment standard, but he did not support his arguments with evidence, nor did he include any analysis as to why Johnson-White was not entitled to summary judgment. Instead, Houston's memorandum in opposition stated that the summary-judgment motion was premature because he had not yet deposed Johnson-White. Further, Houston recited Civ.R. 56(F) language, asserting that he had "a number of possible defenses once proper discovery is conducted." He alleged that he "had not been permitted" to engage in discovery by way of depositions, retention of experts, and subpoenas. He asserted that Johnson-White "attempt[ed] to circumvent the discovery process" by "provid[ing] notice of an expert five months after the initial request" and "on the day when she filed her motion for summary judgment." He further argued that "the case is relatively new, and discovery is in the early stages as

4

evidence [sic] by the fact Plaintiff has refused to permit depositions yet." He requested that the trial court dismiss Johnson-White's motion or hold it in abeyance for the trial court to enter a scheduling order with an expert disclosure and discovery deadline.

{¶13} Johnson-White's reply brief stated that Houston failed to file a separate Civ.R. 56(F) motion, or support his request with an affidavit, as required by the rule. Days later, Houston filed a notice of supplemental affidavit and exhibits "in support of his Memorandum in Opposition to Plaintiff's Motion for Summary Judgment."

The trial court denied the Civ.R. 56(F) request and granted summary judgment

{¶14} The trial court entered summary judgment in Johnson-White's favor. First, it denied Houston's Civ.R. 56(F) request because it was not separately filed as required by the rule, was not supported by an affidavit, and did not show facts to be discovered that would create a genuine dispute. Further, Houston did not state why he could not present evidence that was sufficient to avoid summary judgment, or why he failed to conduct sufficient discovery before Johnson-White filed her summary-judgment motion.

{¶15} Further, the trial court found that Johnson-White presented evidence that an express easement had existed for more than 60 years on the parcels owned by Johnson-White and Houston. The court determined that Johnson-White's property was "the dominant estate" as she held a "right without profit" that she could exercise over Houston's property, "the servient estate." Further, the court found that the easement ran with the land, not with any individual, and "nothing in the record establishes subsequent behavior that would nullify the express easement." Accordingly, the court permanently enjoined Houston from interfering with Johnson-White's lawful use of the easement.

**{¶16}** The trial court dismissed Houston's counterclaims, finding that the easement was valid, Houston's title expressly stated that it was "subject to an easement for driveway purposes," Johnson-White had not been unjustly enriched, and there was no evidence that Johnson-White intended to abandon the easement.

**{¶17}** Johnson-White later dismissed the remaining counts of adverse possession and prescriptive easement. Houston moved for reconsideration, which the trial court denied. Houston appealed.

### Law and Analysis

**{¶18}** For ease of discussion, we address Houston's assignments of error out of order.

A. Houston's Civ.R. 56(F) request failed to meet the rule's requirements.

**{¶19}** Houston's second assignment of error argues that the trial court erred in denying his Civ.R. 56(F) request to dismiss or hold in abeyance Johnson-White's motion. "The decision to allow additional time under Civ.R. 56(F) falls within the trial court's sound discretion." *Bank of Am. NA v. Omega Design/Build Group, LLC*, 1st Dist. Hamilton No. C-100018, 2011-Ohio-1650, ¶ 40.

**{¶20}** Under Civ.R 56(F), "a party opposing a motion for summary judgment may move for a continuance where that party needs more time to conduct discovery." *Taft, Stettinius, & Hollister, LLP v. Calabrese*, 2016-Ohio-4713, 69 N.E.3d 72, ¶ 28 (1st Dist.). A party filing a Civ.R. 56(F) motion is required to support its motion with "an affidavit establishing the reasons for the requested continuance." *Id.*; Civ.R. 56(F).

**{¶21}** In *Calabrese*, this court affirmed the trial court's decision denying Calabrese's Civ.R. 56(F) motion. *Calabrese* at ¶ 27-28. First, we noted that Calabrese had not supported the Civ.R. 56(F) motion with an affidavit. *Id.* at ¶ 28. Next, we

determined,

> Calabrese * * * failed to file a separate and identifiable motion. See
> Civ.R. 7(B); Civ.R. 10. Rather, Calabrese merely stated on pages 19 and
> 20 of his memorandum in opposition to summary judgment that in the
> event the trial court did not agree that there were issues of fact, then he
> was entitled to conduct full discovery before the summary judgment
> motion should be considered. This does not constitute a proper request
> under Civ.R. 56(F).

*Id*. at ¶ 28.

**{¶22}** Like the appellant in *Calabrese*, Houston failed to file a separate motion; instead, his request was tacked onto his response to Johnson-White's summary-judgment motion. Accordingly, his request was not a proper Civ.R. 56(F) request. But even if we construed the portions of Houston's response to Johnson-White's summary-judgment motion as a Civ.R. 56(F) motion, Houston failed to support it with an affidavit until after Johnson-White pointed out his failure to do so in his original response to her summary-judgment motion.

**{¶23}** It was well within the trial court's discretion to deny Houston's request for a Civ.R. 56(F) continuance. We overrule Houston's second assignment of error.

B.  The trial court properly awarded Johnson-White summary judgment.

**{¶24}** Houston's first assignment of error asserts that the trial court erred in granting Johnson-White's summary-judgment motion. He contends that he raised facts that could support a finding that Johnson-White had abandoned the easement.

**{¶25}** We review summary-judgment decisions de novo, without deference to the trial court's decision. *Holloman v. Permanent Gen. Assur. Corp.*, 1st Dist.

Hamilton No. C-180692, 2019-Ohio-5077, ¶ 8. Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that "(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *Id.* at ¶ 7, quoting *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9.

{¶26} Summary judgment "[s]hall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Id.* A party may support its motion or opposition to the motion with evidence via the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. *Id.* No other evidence or stipulation may be considered except as stated in Civ.R. 56(C). *Id.*

{¶27} When the moving party meets its initial burden to show that it is entitled to summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).

Johnson-White met her initial Civ.R. 56(E) burden.

**{¶28}** An easement is defined as "a right, without profit, created by grant or prescription, which the owner of one estate, called the dominant estate, may exercise in or over the estate of another, called the servient estate, for the benefit of the former." *Harvest Land Co-op, Inc. v. Sandlin*, 12th Dist. Butler No. CA2007-07-161, 2008-Ohio-5417, ¶ 9, quoting *Proffitt v. Plymesser*, 12th Dist. Brown. No. CA2000-04-008, 2001 Ohio App. LEXIS 2801, 3 (June 25, 2001); *see Trattar v. Rausch*, 154 Ohio St. 286, 95 N.E.2d 685 (1950), paragraph one of the syllabus. Servient property owners may use their property in any way that is not inconsistent with the use allocated to the dominant property owner. *Harvest Land Co-op, Inc.* at ¶ 9.

**{¶29}** An easement may be acquired by express grant, implication, or prescription. *Id.* at ¶ 10. An easement's duration may be set by the terms of the instrument that created it. *Id.* It may be permanent or terminated by a party's acts, operation of law, a change in the use or character of the property, or an end to the necessity for which the easement was created. *Id.*

**{¶30}** The nonuse of an easement alone is not sufficient to establish abandonment; rather, a party must expressly intend to abandon the easement or act in a manner that unequivocally shows an intent to abandon. *See Hemmelgarn v. Huelskamp & Sons, Inc.*, 2019-Ohio-5298, 138 N.E.3d 1199, ¶ 49 (3d Dist.), citing *Wyatt v. Ohio Dept. of Transp.*, 87 Ohio App.3d 1, 5, 621 N.E.2d 822 (11th Dist.1993) ("At the outset we note that the mere non-use of an easement, for a period however long, will not amount to abandonment."); *Hemmelgram* at ¶ 49, quoting *Bosky Group, LLC v. Columbus Ohio River R.R. Co.*, 5th Dist. Muskingum No. CT2017-0027, 2017-Ohio-8292, ¶ 25 (The "intent to abandon must be present and shown by

9

'unequivocal and decisive acts' which are inconsistent with continued use and enjoyment.").

{¶31} Johnson-White provided evidence to show that the easement had existed for more than 60 years. Along with other evidence, she provided official records from the Hamilton County recorder's office showing that the easement existed and had been transferred with the subsequent title transfers. The easement was noted in Houston's title policy and in the chains of title for both properties.

{¶32} Even if Johnson-White did not consistently use the easement, there was nothing to suggest that her actions were inconsistent with her intent to continue using the easement. Johnson-White met her initial Civ.R. 56 burden to show that she was entitled to judgment as a matter of law.

{¶33} And Houston failed to provide any evidence to support his opposition to the summary-judgment motion. The affidavit that Houston did provide—days after Johnson-White's reply brief—contained no evidence involving the easement itself. It only discussed the parties' discovery status and disagreements. Houston did not cite to any "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." *See* Civ.R. 56(C). Under Civ.R. 56(E), Houston's failure to respond, "by affidavit or as otherwise provided in this rule, [setting] forth specific facts showing that there is a genuine issue for trial" left the trial court with one course of action—"[i]f the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶34} We overrule Houston's first assignment of error.

## Conclusion

{¶35}  The trial court properly granted summary judgment in Johnson-White's favor. She provided evidence of the easement and its use. Houston, however, failed to refute her evidence with any evidence at all demonstrating genuine issues of material fact. And the trial court did not abuse its discretion in denying Houston's Civ.R. 56(F) request. We affirm the trial court's judgment.

Judgment affirmed.

**CROUSE, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.